## REALTY RECORDS CO. v. PIERSON.

### (Supreme Court, Appellate Term.   May 7, 1909.)

CONTRACTS (§ 28*)—EVIDENCE.

    Defendant subscribed for a publication for one year at $20 a year. The publisher, without further agreement, sent the publication the following year, which the subscriber accepted and paid $20 for.  In the fall of that year the publisher increased the price to $40 a year; but it did not appear that the subscriber received notice thereof.  The publication was delivered to the subscriber the following year; but he refused to pay the double price, and requested the publisher's agent to take it away, but the agent left it at his place of business.  *Held* not to establish a contract of subscription.

    [Ed. Note.—For other cases, see Contracts, Dec. Dig. § 28.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by the Realty Records Company against James R. Pierson. From a judgment for plaintiff, rendered in the Municipal Court, defendant appeals.  Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and DAYTON and GOFF, JJ.

Frank Trenholm, for appellant.

Joseph Day Lee, for respondent.

PER CURIAM.  This action is to recover the price of a publication issued by the plaintiff in 1907.  The plaintiff and its predecessor had published in quarterly and annual series a reference book, containing information concerning real estate transactions.  There were four issues yearly, the first of which was a sort of compilation of the three last issues of the previous year, but also contained additional matter, and which was called the "annual issue"; and there were also three other issues, called "quarterly issues."  In 1905 defendant subscribed for this publication for one year at the agreed price of $20 a year, and received the annual and three quarterly issues for the year 1905.  Without any further agreement between the parties, plaintiff sent to defendant the annual and three quarterly issues for 1906, which defendant accepted and paid $20 therefor.  In the fall of 1906 plaintiff sent notice to its subscribers that the price was to be raised to $40 a year for the issues of 1907 and thereafter.

Whether or not defendant received this notice the evidence fails to show.  Certainly he did not subscribe or order the issues for 1907. Nevertheless, the first issue for 1907 was sent to him by plaintiff, and was delivered at the former's place of business.  Defendant, without contradiction, claims he did not know of such delivery and never used the book; but plaintiff's agent claims that the book was used and abused by some one in defendant's office, as he found it damaged when he called to collect from defendant the price of the book.  The latter told him he did not want the publication at the double price claimed therefor—i. e., $40—and told the agent to take it away.  The book, however, was apparently left at the defendant's

place by the agent, notwithstanding defendant's refusal to pay therefor. The sending to and leaving of the book at defendant's place was, apparently, a voluntary act on the part of the plaintiff, without any contract of subscription or promise to pay on the part of defendant. It seems to us that the evidence does not support the judgment, which should be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.